103 F.3d 120
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RPR & ASSOCIATES, INCORPORATED, Plaintiff--Appellee,
v.
O'BRIEN/ATKINS ASSOCIATES, P.A., Defendant--Appellant,
and
Tai Associates, Defendant.
RPR & ASSOCIATES, INCORPORATED, Plaintiff--Appellee,
v.
TAI ASSOCIATES, Defendant--Appellant,
and
O'Brien/Atkins Associates, P.A., Defendant.
 Nos. 96-1130, 96-1131.
 United States Court of Appeals, Fourth Circuit.
 Argued: September 23, 1996
Decided: November 26, 1996
 
 John Lewis Shaw, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellants.
 Steven Douglas Hedges, Allen Holt Gwyn, Jr., PATTON BOGGS, L.L.P., Greensboro, North Carolina, for Appellee.
 ON BRIEF: Laura Broughton Russell, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, Dailey J. Derr, Dailey J. Derr, P.A., Durham, North Carolina, for Appellants. Eric C. Rowe, PATTON BOGGS, L.L.P., Greensboro, North Carolina, for Appellee.
 Before WILKINS, Circuit Judge, BUTZNER, Senior Circuit Judge, and MICHAEL, Senior United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellee RPR & Associates, Inc. ("RPR"), a prime contractor for the State of North Carolina in a construction project, brought a claim against Appellants O'Brien Associates, P.A. ("O'Brien"), the architect working on the project, and Tai & Associates ("Tai"), the soils and foundation engineer on the project. RPR alleges that appellants breached various duties of care owed RPR, pursuant to North Carolina law, due to their negligent performance on the project. Appellants moved the district court to dismiss RPR's claim under Fed.R.Civ.P. 12(b), and the district court denied their motions. Appellants appeal from the district court's denial of their motions to dismiss insofar as it rejected their defenses pursuant to the doctrines of sovereign immunity (asserted by O'Brien and Tai) and arbitral immunity (asserted only by O'Brien).
 
 
 2
 The district court concluded that appellants are private parties and, as such, are not entitled to sovereign immunity under North Carolina law. Additionally, the district court found that RPR's claim was based on O'Brien's performance of its architectural duties, and not on functions performed by O'Brien as an arbiter between RPR and North Carolina; thus, the district court determined that O'Brien was not entitled to assert the defense of arbitral immunity against RPR's claim against it.
 
 
 3
 Having considered all of the arguments raised in the parties' briefs and at oral argument and following a thorough review of the record and applicable law, we affirm based on the reasoning of the district court.
 
 AFFIRMED